IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Black,                                        Case No. 3:11 CV 1260

                          Plaintiff,         MEMORANDUM OPINION
                                             AND ORDER

        -vs-
                                             JUDGE JACK ZOUHARY
City of St. Marys, Ohio, et al.,

                        Defendants.


        This matter is before the Court on the Motions to Dismiss (Doc. No. 5) of Defendants City of

St. Marys, St. Marys Police Chief Gregory Foxhoven (Foxhoven), and St. Marys Police Officer

Thomas Kennedy (Kennedy).   Plaintiff Charles Black opposes (Doc. No. 6).  Also pending are

Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) and Amended Motion to Proceed *In

Forma Pauperis* (Doc. No. 3).

        For the reasons set forth below, Defendants' Motion to Dismiss is granted.  Plaintiff's Motions

to Proceed *In Forma Pauperis* are also granted.

BACKGROUND

        In June 2009, Kennedy arrived at Plaintiff's property to serve a misdemeanor citation on

Plaintiff's daughter.  Plaintiff alleges Kennedy passed through a doorway opening towards Plaintiff's

pond, searching for Plaintiff's daughter (Doc. No. 1 at 3).  Plaintiff stopped Kennedy, asked the

reason for his visit and if he had a warrant.  When Kennedy responded he did not need a warrant,

Plaintiff asked him to leave.  Kennedy allegedly told Plaintiff he would be arrested for obstructing

official business if he denied access to his daughter. Plaintiff politely asked Kennedy to leave his property five more times, but Kennedy refused (Doc. No. 1 at 3–4).

Kennedy returned to his cruiser, which was parked in the driveway, and started to videotape Plaintiff. Kennedy put on black leather gloves, which Plaintiff interpreted as an indication the situation had escalated. Plaintiff informed Kennedy he would remove him by force if Kennedy did not leave. Kennedy backed out of the driveway after observing Plaintiff climb onto a backhoe in a threatening manner (Doc. No. 1 at 4).

Kennedy called a Mercer County deputy for backup. When the deputy arrived, Kennedy again informed Plaintiff he would be arrested if he did not allow the deputy to serve Plaintiff's daughter with the citation. Plaintiff asserts he felt coerced to do so, and allowed the deputy to complete service (Doc. No. 1 at 4).

Shortly after these events, Plaintiff filed an action in state court against Kennedy and the St. Marys Police Department, alleging the following claims: (1) trespass to property; (2) negligence; (3) harassment; (4) slander; (5) conspiracy; (6) disorderly conduct; (7) breach of confidence; (8) breach of close with a deadly weapon; (9) breach of duty; (10) coercion; (11) assault; (12) malice; (13) inciting violence; (14) malfeasance; (15) malicious abuse of legal process; and (16) invasion of privacy. Plaintiff sought $10 million in damages (Doc. No. 4-1 at 1–2).

The state trial court granted summary judgment in favor of Defendants and dismissed Plaintiff's claims (Doc. No. 4-1 at 6–11). The state appellate court affirmed the trial court's decision (Doc. No. 4-1 at 12–24). Defendants sought and obtained sanctions against Plaintiff for frivolous conduct in filing and appealing his state action (Doc. No. 4-1 at 25–30).

2

Plaintiff raises four claims in the Complaint filed in this Court. Count One alleges Kennedy unlawfully entered Plaintiff's residential property in violation of the Fourth Amendment (Doc. No. 1 at 5). Count Two alleges claims against the City of St. Marys and Foxhoven for their (1) failure to adequately train and supervise Kennedy, and (2) implementation of customs and policies for training and supervision of city police officers that, on their face, violate the Fourth Amendment (Doc. No. 1 at 6). Counts Three and Four allege state law claims for trespass and coercion against all Defendants (Doc. No. 1 at 7–8). Plaintiff asserts claims against Kennedy in both his individual and official capacity, and against Foxhoven in his official capacity.

STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the court is to test the legal sufficiency of the complaint. In scrutinizing a complaint, the court is required to accepts the complaint's allegations as true, *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984), and view the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although a complaint need not contain "detailed factual allegations," Federal Civil Rule 12(b)(6) requires more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal,* 129 S. Ct. at 1949).

3

## ANALYSIS

### Insufficiency of Service of Process

Defendants first argue the Complaint should be dismissed for insufficiency of service of process pursuant to Federal Civil Rule 12(b)(5). Specifically, Defendants maintain Plaintiff failed to serve the Complaint within one-hundred twenty (120) days after filing and cannot demonstrate good cause sufficient to warrant an extension of time for service.

Plaintiff's Complaint is a *pro se* complaint subject to screening under 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue;
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Interpreting this provision, the Sixth Circuit explained:

> Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2). The language of §1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. **The screening must occur even before process is served** or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under §1915(e)(2). If the complaint falls within the requirements of §1915(e)(2) when filed, it must be dismissed.

*In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (articulating how district courts should apply the PLRA) (emphasis added).

Consistent with the above mandate, this Court promulgated Local Rule 4.1 regarding service in actions filed *in forma pauperis*. That Rule provides where a plaintiff has been granted leave to proceed *in forma pauperis*, "the U.S. Marshal shall be directed to serve the summons and complaint,

4

pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. Proc. 4(c)(3), **after the Court has first reviewed the complaint** to determine whether *sua sponte* dismissal under section 1915(e)(2) is appropriate." Local Rule 4.1 (emphasis added).

Screening of *pro se* complaints therefore must occur before process issues may be raised. Because this Court had not yet completed its screening of the Complaint when Defendants filed their Motion to Dismiss, Defendants' arguments regarding the delay in issuing process and effecting service are without merit.

**Res Judicata**

Defendants argue Plaintiff's claims are barred by *res judicata* and, as such, the Complaint should be dismissed for failure to state a claim upon which relief may be granted. Defendants maintain the instant case involves the same parties and arises out of the same incident that was fully adjudicated in Plaintiff's state action. Defendants assert Plaintiff's claims in the instant case could have been raised in that previous state action and are barred under Ohio principles of preclusion.

A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81 (1984). Because an Ohio state court granted summary judgment in Defendants' favor, this Court must look to Ohio law regarding issues of preclusion.

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d 386, 392 (2008).

5

Under the doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). Claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*.

Claim preclusion consists of four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *In re Fordu*, 201 F.3d 693, 703–04 (6th Cir. 1999).

**Counts One and Two**

This Court holds Plaintiff's Fourth Amendment claims are barred by claim preclusion. First, this Court finds the state court decision granting summary judgment in Defendants' favor on all counts constitutes a prior final and valid decision on the merits by a court of competent jurisdiction. Second, this Court finds the parties in the state court action and in the instant case are the same or in privity. In his state action, Plaintiff named as defendants the St. Marys Police Department and Kennedy (Doc. No. 4-1 at 1). The state appellate court found the St. Marys Police Department was not *sui juris* and therefore could not be named as an independent party. It noted, however, that the trial court appeared to have interpreted the complaint as naming the City of St. Marys as a party (Doc. No. 4-1 at 22–23). While the appellate court stated the trial court should have dismissed the St. Marys Police Department on the grounds that it was not a proper party, it affirmed the trial court's finding

6

that both the City of St. Marys and Kennedy were immune from liability pursuant to Ohio Rev. Code 2744.01 *et seq*. (Doc. No. 4-1 at 23).

In the instant action, Plaintiff similarly named as defendants the City of St. Marys, and Kennedy in both his individual and official capacity. For claim preclusion purposes, it is irrelevant whether Plaintiff sued Kennedy in his individual or official capacity in the previous state action because the alleged impropriety in both cases stems entirely from acts performed in Kennedy's official capacity. *See Kirkhart v. Keiper*, 101 Ohio St. 3d 377, 380 (2004) (applying claim preclusion where a plaintiff brings two lawsuits against the same public officials for acts performed in their official capacities, even though defendants are sued in their official capacities in one lawsuit and in their individual capacities in the other).

The fact Plaintiff also names Foxhoven as a defendant in this case does not change the analysis. In his federal Complaint, Plaintiff names Foxhoven in his official capacity as City of Marys Chief of Police. It is well-established a suit for damages against a defendant in his or her official capacity "is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Plaintiff's official capacity claims against Foxhoven are actually claims against the City of St. Marys. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). Therefore, this case involves the same parties or their privies as the state court action.

Third, this Court finds Plaintiff's Fourth Amendment claims could have been litigated in the state court which involved the same incident and essentially the same parties.

Fourth, and finally, both cases center on the identical incident -- Kennedy's entry onto Plaintiff's property in June 2009.

7

Based on the above, this Court finds Plaintiff's Fourth Amendment claims (Counts One and Two) are barred by the doctrine of claim preclusion and, therefore, fail to state claims upon which relief may be granted.

**Counts Three and Four**

This Court further holds Plaintiff's trespass and coercion claims (Counts Three and Four) are barred by issue preclusion which "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St. 3d 212, 217 (1997) (citation and internal quotations omitted).  Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994).

Plaintiff raised trespass and coercion claims in his prior state action (Doc. No. 4-1 at 1). Those claims were expressly considered and rejected (Doc. No. 4-1 at 10–11).  Moreover, as discussed above, the parties or their privies are the same in both the prior action and this one. Plaintiff's trespass and coercion claims are barred by issue preclusion and therefore fail to state claims upon which relief may be granted.

Because Plaintiff's claims are barred, this Court need not reach Defendants' remaining arguments regarding immunity or the existence of a private right of action in a criminal statute.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) and Amended Motion to Proceed *In Forma Pauperis* (Doc. No. 3) are granted, and Defendants' Motion to Dismiss (Doc. No. 5) is granted.

IT IS SO ORDERED.

    *s/ Jack Zouhary*     
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 29, 2011

9